Dear Representative Fontenot:
You requested an opinion of this office regarding rather a Task Force with the Louisiana Department of Insurance, consisting of insurance company personnel and automotive collision repair facility owners, whose purpose is to engage in meaningful discussions regarding claims handling practices with the ultimate goal of promulgating rules and regulations and/or drafting legislation, would somehow violate antitrust laws as stated by a lobbyist.
It is the opinion of this office that such Task Force would not violate antitrust laws for the following reasons. Such activity is immune from antitrust laws through (1) the Noerr-Pennington Doctrine; and, (2) the state action exemption. Consideration of the McCarran Ferguson Act is also presented below.
(1) the Noerr-Pennington Doctrine
The Noerr-Pennington Doctrine is derived from six United States antitrust cases, which together have established the basic foundation for antitrust immunity for efforts to solicit government action. Among these cases are Eastern RailroadPresidents Conference v. Noerr Motor Freight, Inc.,365 U.S. 127 (1961) and United Mine Workers v. Pennington,381 U.S. 657 (1965) which first established the immunity.
The Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or the executive to take particular action with respect to a law even if that law would produce a restraint or a monopoly, although you have not indicated that your law would produce such. Such associations have very little if any resemblance to the combinations normally held violative of the Sherman Act, combinations ordinarily characterized by an express or implied agreement or understanding that the persons will jointly give up their trade freedom or help one another to take away the trade freedom of others through the use of such devices as price-fixing agreements, boycotts, market-division agreements, and other similar arrangements. The Right of Petition is one of the freedoms protected by the Bill of Rights and we cannot lightly impute to Congress an intent to invade these freedoms.Eastern Railroad President's Conference v. Noerr MotorFreight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464
(1961).
The right of petition extends to administrative agencies (which are both creatures of the legislature and arms of the executive) and extends to all departments of the Government. CaliforniaMotor Transport Co., v. Trucking Unlimited, 404 U.S. 508,92 S.Ct. 609, 30 L.Ed.2d 642 (1972).
The task force you describe whose ultimate goal is the promulgating of rules and regulations and/or drafting legislation, jointly between private and public officials, in itself and absent other allegations, bears no resemblance whatsoever to the type of agreements forbidden by antitrust laws. It does, however, speak directly to the Right of Petition protected by the Bill of Rights.
2. the State Action Exemption
The state action exemption extends immunity from antitrust laws to private persons if (1) the State has articulated a clear and affirmative policy to allow anticompetitive conduct and (2) the State provides active supervision of the anticompetitive conduct undertaken by the private actors. Federal Trade Commission v.Ticor Title Ins. Company, 504 U.S. 621, 112 S.Ct. 2169,119 L.Ed.2d 410 (1992).
In your case, not only is this task force sponsored and supervised by the Louisiana Department of Insurance, but you expressed no intent to restrict competition whatsoever.
 (3) Consideration of the McCarran-Ferguson Act's Partial Exemption
The primary concern of Congress in enacting the McCarran-Ferguson Act was to ensure that the States would continue to have the ability to regulate the business of insurance. Group Life Health Ins. Co., v. Royal Drug Company, 440 U.S. 205,99 S.Ct. 1067, 59 L.Ed.2d 261 (1979).
While exemptions from the antitrust laws are narrowly construed, this particular exemption applies to the activities of insurance companies if such activities are the business of insurance regulated by state law, and no acts of boycott or intimidation are present. Several factors are considered by the courts to determine whether or not certain conduct falls within the parameters of the exemption.
This office finds that the facts of this matter fall outside of the parameters of the McCarran-Ferguson Act's partial exemption based upon the court's factors.
In conclusion, your facts of intent to petition the government, involvement of the Louisiana Department of Insurance and the absence of anticompetitive intent militate that the Task Force raises no antitrust concerns.
Yours very truly,
 JANE BISHOP JOHNSON Assistant Attorney General